Our fifth case for argument today is Fowler v. Butts. Ms. Robinburg. May it please the Court, my name is Audrey Rabenburg, I'm a third-year law student at the University of Notre Dame, and I represent Appellant Robertson Fowler under the advisement of Robert Palmer, who this Court appointed to represent Mr. Fowler. This Court issued a Certificate of Appealability in this case on two issues which are before the Court today. The first issue was whether Mr. Fowler was denied his due process right to the effective assistance of appellate counsel in Indiana State Court, and the second issue is whether the federal district judge below should have recused herself from the habeas proceedings given the fact that she was the trial court judge who sentenced Mr. Fowler in the Indiana trial court. Therefore, Mr. Fowler respectfully requests that this Court remand to the State Court for resentencing or, in the alternative, remand to the district court for refiling of his habeas petition in front of an impartial tribunal. Our time is short, so I suggest you focus on the recusal issue, and you might start by addressing the question why, under Balistrieri, this complaint isn't too late. So are you discussing the mandamus issue? Yes, well, that's the holding of Balistrieri. The case was decided 31 years ago, followed by this Court since, and so I'm asking why that doctrine isn't controlling. So that doctrine is not controlling here because the matter of having an impartial tribunal has not always required a mandamus writ to be issued to get a new district judge. Well, it hasn't always required, and in fact, one member of this Court, dissenting in 2000, observed that Balistrieri is odd man out among the servants. So there are really two questions here. One is whether Balistrieri squarely controls, and the other is whether if it marginally controls, we should try to fight to extend it or try to fight to limit it. We would argue that it's marginally controlling, and perhaps Mr. Fowler could have filed for the writ of mandamus, but to rein in Balistrieri would be the better thing for this Court.  Balistrieri. Thank you, Your Honor. To rein that in because sometimes defendants are unaware of who their judges are, especially in the situation that Mr. Fowler was in, not being present for the proceedings in the district court, he might not have known. And it is the duty of the tribunal to preserve impartiality and also the appearance of impartiality, not to put the onus on the criminal defendants to spot the possibility of partiality when the judge should have known better. And two federal statutes direct the judge to have done that. Let me ask this in a concrete way. Have we ever applied the Balistrieri doctrine to a claim that is arguably, not necessarily conclusively, but arguably based on 455b-3? You argue that employment as a judge in the state court system counts as employment for the basis of 455b-3. Yes, Your Honor. Maybe yes, maybe no. Well, it looks like other courts of appeals have been kind of iffy on that subject. So the technical way of phrasing my question would be, should we apply Balistrieri to a claim that arguably, though not maybe definitively, rests on 455b-3? I'm not sure, Your Honor, how that rule should apply to 455 as opposed to any other claim for a recusal by the tribunal. And that'd be something I'd be willing to address in a supplemental brief for this court, if that's what you would like. If we think we need supplemental briefing, we'll let you know. Yes, Your Honor. But the statutes in 455 and Section 457 are explicit to the court to not only wait, not to ever just wait for the defendant to request a recusal, but to recuse themselves to esponte and not to have to ask the defendant to spot those possible partialities. And here, Judge Magnus Stinson was a trial court judge in the employment of the Indiana government, and she sentenced Mr. Fowler to the sentence that he was appealing on his habeas petition. And in Weddington, this court spotted that a habeas appeal is similar enough to a direct appeal that it would be just as improper for a judge to rule on the habeas merits as it would be for that judge to rule on the merits in a direct appeal. Would this court like me to address the issue of ineffective assistance for counsel? I don't think that's really necessary. We have your brief. Okay. Well, then, if it pleases the court at this time, I'll reserve my remaining time for rebuttal. Okay. Thank you. Thank you. Ms. McClose. Your Honors, may it please the court. Fowler has waived any ability to challenge whether the district court judge was required to recuse herself. This court has made it clear in the past. Let me ask you the same question that I asked Ms. Ravenberg, which is, to the extent there is a claim of actual bias here, it rests on Section 455B3. And it's kind of iffy whether the reference to employment includes employment as a state judge. Correct. Not really settled. The question, then, is should we extend the balustrieri principle to cover things like that or not? I agree with Your Honor that this court and other courts have been wishy-washy about how to apply or what standard to apply if a petitioner has failed to object to a district judge. Right. But it's perfectly clear that no other court in the country would require a petition for a writ of mandamus to make a close 455B3 claim one way or the other. We're the odd circuit out on that question. That's why I ask whether we should be pushing the doctrine one way or the other or whether we should be saying to the Supreme Court, tough luck, guys, you just have to grant certiorari on this. I don't think you have to answer that question in this case, first of all, because whether a district court judge has sat as a state trial court judge has always been approached as a Rule 455A issue. But it is being asserted here as a Rule 455B3 issue with some plausibility. That's why I phrased the question to Ms. Ravenberg and to you the way I did. And I disagree that there is plausibility in that because the district court Even though other courts of appeals have thought it plausible enough to be worth ducking. No, it's not plausible because the district court was not asked to review a decision that she had decided before or had taken a stance on before. This was an issue. I don't know why you're not arguing that B3 contains additional language beyond the language pertaining to the Judges Services Government Council. Correct. Maybe you want to focus on that. And that was my position, Your Honor, is that this issue that Fowler is asking the district court to decide was an issue. No, it has nothing to do with the difference of issue. It has to do with the difference of capacity. B3 applies to the judge having served in government deployment and in such capacity participated as counsel, advisor, or material witness. Correct. This judge did not have that role. Correct. She was the trial judge. Correct. So it's just while there's a B3 claim being made here, it's just not a B3 case. Correct. It's a 455A, if anything at all. Yes, and this court has always reviewed these circumstances as 455A. Right, and so I want to focus on whether the balustrary rule makes any sense at all. Under 455A, yes, I believe it does make sense. That's the only context in which it's been applied? Yes. The rule essentially says that if there is any injury, it is to the judicial process as a whole and not to the individual appellant. And that is what we have here. Does that make any sense at all? Yes, because the fundamental principle of appellate review is to provide relief for individuals. No, I'm asking a different question. Does that interpretation of 455A make any sense at all? The only thing it has to do with is the judicial system's appearance and not the litigants' rights. Yes, because the difference between A and B, I believe, is that A is to the judicial proceeding as a whole and not to the individual judge, whether the individual judge has a bias or a conflict of interest. And so the appearance of impropriety is a step removed from actual impropriety, which the factors under B tend to address. The fact that an appearance of impropriety is sort of a structural claim that has to do with broader principles doesn't mean that there are no individual rights being asserted when someone makes a 455A claim. In this case, it's just a difference between an actual bias, which requires more in the nature of proof, and the objective test that 455A embodies. It doesn't have anything to do with whose rights are being protected. It's the public's rights and the integrity of the system, the judicial system, but also the litigants' rights. It exists to protect all three categories. The appearance of impropriety, though courts have historically viewed that as more of an injury to the judicial process as a whole in any reasonable citizen. But then you have to explain why every other court of appeals has rejected balustrere. And they have. We are all by our lonesome. But whether we don't apply balustrere or not, there is no error here. There is no violation of a substantial right. The district court judge was not asked to review a claim that she had before passed judgment on. She was asked to review a claim that occurred after her involvement in a particular case, and that is distinguishable from what... No, she was asked to review the propriety of the guilty plea. It's not about the sentence, Your Honor, which I think is incorrect for Fowler to assert. It's about the propriety of the guilty plea itself. And... She took the plea. Yes, she accepted... I don't know how she can sit in judgment on the propriety of the plea when she took the plea. Because at the time that she accepted the plea, it did abide by the law, which was Townsend v. State. Okay, that goes to the merits, not whether she should have heard this case. You can't defend against a recusal motion by saying, I got it right. But it's not about whether she got it right or wrong. That's what you were just arguing. Fowler has always agreed that the change in the law occurred after his guilty plea, and so she's not asked to decide whether... Okay, that goes to the merits of whether... It goes to the merits. ...whether there's a valid, a good Strickland claim here and whether the Court of Appeals of Indiana got that question, made a reasonable determination on that question. It has nothing to do with the recusal issue. But it doesn't... The question asked by Fowler only applies to how does a change in the law apply to his guilty plea, which is later than when Judge Magnuson was involved. We have cases, Russell, Weddington, saying that somebody who was a trial judge or a state judge involved in the case cannot participate in considering a petition under 2254. That appears to be a categorical rule. You haven't asked us to overrule those cases, right? What we've got is the argument based on balustrieri that the applicant just waited too long to raise this argument. You're right. We have not asked to overrule Weddington because, in fact, this case is different than Weddington. And Weddington, the harm that was identified in Weddington, it wasn't a bright-line rule about whether a district court judge had participated in a proceeding in state court. It was about whether Judge Pratt, sitting as a district court judge, would be in the position of reviewing a claim that she had addressed. And that was the harm that was identified in Weddington, which is what we do not have here. We do not have Judge Magnuson deciding an issue that she had already decided in the state court because, in fact, the basis... I'm sorry, Your Honor, I see my time has run out. No, that's your orange light. Oh, thank you. You probably have now 45 seconds left. Okay. So she was not asked to review... It's not legally compulsory. ...a claim that she had before decided because everything had happened after the change in the law happened after Judge Magnuson's involvement in the case. And that's why it's distinguishable from Weddington. Thank you, Ms. Ravenberg. I'm sorry, Ms. Miklos. Ms. Ravenberg, anything further? My apologies to all. First, Your Honors, actual bias is not required under Section 455 or under Section 47, even though the possibility of bias in this case is more than likely given the fact that Judge Magnuson was ruling on the legality of a sentence that she herself imposed. Well, actual bias is required under certain subsections of 455A, but none of those are implicated here. Correct. We've got a 455A and a 455B3 claim here. Yes. And those are based on status, not actual bias. Right. Thank you, Your Honor. Under the sections that we have raised here, actual bias is not required. Second, as the odd court out among the circuits, we would urge this court to move in line with similar circuits, not requiring a writ of mandamus from criminal defendants or habeas petitioners to spot the possibility of partiality on the part of their tribunals and to make sure that the tribunals take care of that role themselves. Is there a middle position here? Maybe that it makes sense to require mandamus when a motion to recuse has been litigated in the district court, but not where the issue has been overlooked and is raised for the first time on appeal? I think that would be a fair middle ground. I mean, mandamus is not always available, but it's at least an option. It might be unsuccessful to review a denial of a recusal motion. Right. And so in the situations where the issue has simply been overlooked, we would ask that the failure to file for the writ of mandamus not preclude a habeas petitioner from having his or her petition heard in front of an impartial tribunal. And so in those cases where it was overlooked, like here, we would ask that the failure to ask for the writ of mandamus not preclude the possibility to file in front of an impartial tribunal. And a third point, the district court judge, Magnus Stinson, did review matters that she had ruled on in the trial court. She ruled on the merits of whether Mr. Fowler had entered into an unknowing, unintelligent, and involuntary guilty plea. And that one she obviously entered ruling on before. And so that would be one of the merits where she was ruling, like in Weddington, on something that she had talked about before. And though the issue before this court, well, one of the issues was ineffective assistance of appellate counsel, that is not the only issue that was before Judge Magnus Stinson below. And so does the court have any more questions at this time? Doesn't look like it. Thank you very much, counsel. Thank you. Mr. Palmer, the court appreciates your willingness and that of the Notre Dame Clinic to accept the appointment in this case, and your assistance to the court as well as your client. The case is taken under advisement.